**WHITE AND WILLIAMS LLP**
The Atrium
East 80 Route 4
Paramus, New Jersey 07652
(201) 368-7200
Attorneys for Plaintiff, The Paul Revere Life Insurance Company

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PAUL REVERE LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE a/k/a RODOLFO CHARDON,<br><br>Defendant. | Civil Action No.: 1:07-cv-3779 (PKC)<br>ECF CASE<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, The Paul Revere Life Insurance Company (hereinafter "Paul Revere"), respectfully submits its Complaint against the defendant, John Doe a/k/a Rodolfo Chardon (hereinafter "John Doe"), and pleads as follows:

## I. THE PARTIES

1.     Paul Revere, at all times pertinent hereto, was and is a corporation licensed to do and doing business in the State of New York and organized and existing by virtue of the laws of the Commonwealth of Massachusetts, having its principal place of business at 18 Chestnut Street, Worcester, Massachusetts 01608.

2.     John Doe, at all times pertinent hereto, was and is an adult residing in Bronx, New York.

## II. JURISDICTION

3.      Jurisdiction of the District Court is pursuant to the provisions of 28 U.S.C. § 1332 by reason of diversity of citizenship and an amount in controversy, exclusive of interests and costs, which exceeds the sum of $75,000.

4.      Venue is properly laid in the United States District Court for the Southern District of New York pursuant to the provisions of 28 U.S.C. § 1391.

## III. THE APPLICATION

5.      On September 25, 1990, John Doe executed an Application for a disability policy under the name of Rodolfo Chardon.

6.      The Application submitted by John Doe, under the name of Rodolfo Chardon, included the Social Security Number of Rodolfo Chardon.

7.      John Doe executed the Paul Revere Application on September 25, 1990 and, in doing so, certified to the following:

> I have read the statements and answers recorded above. They are, to the best of my knowledge and belief, true and complete and correctly recorded. They will become part of this application and the basis for any policy issued on it.

8.      The Application was executed by John Doe in Union City, New Jersey, which was the residence of John Doe at the time of the execution of the Application.

## IV. THE POLICY

9.      On September 25, 1990, Paul Revere issued Policy Number 0102475465 to Rodolfo Chardon, providing, inter alia, for the payment of monthly disability income benefits in the amount of $500 in the event of a totally disabling condition arising from injury or sickness. The policy also contained a provision allowing for increases to the monthly disability income benefit amount.

PARDMS 84725v.1

10.     Said policy also included a Supplemental Social Insurance Rider that paid a maximum benefit of $750 per month until age 65.

11.     The Policy Schedule attached and made part of the policy listed Rodolfo Chardon as the Insured under the policy.

12.     The policy contains a definition section that indicates that "you" and "your" refer to the Insured named in the Policy Schedule.

## V.  **THE CLAIM**

13.     On May 18, 1999, John Doe executed a Notice of Claim that was submitted to Paul Revere in furtherance of a claim for benefits under Disability Policy Number 0102475465.

14.     The Notice of Claim listed the Insured as Rodolfo Chardon and included the Social Security Number of Rodolfo Chardon.

15.     The Notice of Claim contained multiple fraud warnings stating that any person who knowingly filed any statement containing false or misleading information would be subject to criminal and/or civil penalties.

16.     Upon receipt of the Notice of Claim, Paul Revere initiated its review of the claim by obtaining medical records and other documentation.

17.     During the claim process, John Doe continued to submit Monthly Progress Reports under the name of Rodolfo Chardon claiming a continuing total disability.

18.     Each Monthly Progress Report required an Attending Physician Statement and the documents indicate that any person who knowingly and with the intent to defraud any insurance company or any other person files a Statement of Claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime.

PARDMS 84725v.1

19.     In reliance upon the claims and representations made in the Notice of Claim and subsequent Monthly Progress Reports and Attending Physician Statements, Paul Revere paid benefits to John Doe under Policy Number 0102475465.

20.     As of the date of this Complaint, Paul Revere has paid John Doe $137,945.00 in benefits under the policy.

21.     During the course of its continuing claim investigation, Paul Revere learned that John Doe was not Rodolfo Chardon.

22.     During the course of its continuing claim investigation, Paul Revere learned that Rodolfo Chardon was residing in Connecticut and not in New York.

23.     During the course of its continuing claim investigation, Paul Revere obtained, with authorization, photographs of John Doe and Rodolfo Chardon residing in Connecticut.

24.     During the course of its continuing claim investigation, Paul Revere showed the aforementioned photographs to Rodolfo Chardon's mother, and she identified the Connecticut resident as her son, Rodolfo Chardon, and could not identify the other photograph which depicted John Doe.

25.     Paul Revere showed the aforementioned photographs to Rodolfo Chardon's brother and he identified the Connecticut resident as his brother, Rodolfo Chardon, and noted that he believes his brother was living in Connecticut.

26.     Based on its continuing investigation of this claim, Paul Revere has determined that John Doe is not Rodolfo Chardon.

## FIRST COUNT

### (Declaratory Relief)

27.     Plaintiff, Paul Revere, repeats and realleges each and every allegation contained in Paragraphs 1 through 26 of the Complaint against defendant, John Doe a/k/a Rodolfo Chardon, as if same were fully set forth at length herein.

28.     John Doe falsely assumed the name of Rodolfo Chardon and used such false identity to enter into a contract with the plaintiff.

29.     There was no meeting of the minds between the parties, which is a prerequisite to the formation of a contract.

30.     Based on the false identity assumed by John Doe, there was no valid contract entered into between the Paul Revere and the defendant.

31.     John Doe is an imposter which precludes the formation of a contract.

32.     Paul Revere is informed and believes, and on that basis alleges, that John Doe disputes Paul Revere's contentions alleged herein and that John Doe contends to the contrary.

33.     By reason of the foregoing, there now exists an actual justiciable controversy among the parties hereto.  This Court is vested with the power in the case to declare and adjudicate the rights and legal relationships of the parties to this action with reference to the issues raised by this Complaint.

34.     Paul Revere desires a judicial determination of the rights and obligations of each of the parties to this action with respect to the policy.

35.     A judicial determination is necessary and appropriate at this time in order that each of the parties may ascertain their respective rights and duties as to one another and may conduct themselves accordingly now and in the future.

PARDMS 84725v.1

36.     Paul Revere is entitled to a judicial declaration that no valid contract was entered into between Paul Revere and John Doe and, therefore, Policy Number 0102475465 must be declared void ab initio and of no effect and directing that it be surrendered.

WHEREFORE, Paul Revere seeks a judgment in its favor and against John Doe as follows:

A.     declaring that no valid contract was entered into between the parties and that Policy Number 0102475465 is deemed void ab initio and of no effect and directing that it be surrendered for cancellation;

B.     awarding Paul Revere restitution of disability benefits paid to John Doe under the policy;

C.     declaring whether Paul Revere has any obligation to refund any premiums paid with respect to Policy Number 0102475465 and, if so, to whom such premiums should be refunded;

D.     awarding Paul Revere costs, expenses, disbursements and attorney's fees; and

E.     such and further relief as this Court deems just and proper.

## SECOND COUNT

### (Contract Violates Public Policy)

37.     Plaintiff, Paul Revere, repeats and realleges each and every allegation contained in Paragraphs 1 through 36 of the Complaint against defendant, John Doe a/k/a Rodolfo Chardon, as if same were fully set forth at length herein.

38.     In the event that it is determined that a contract exists, enforcement of the policy at issue is contrary to public policy.

39.     John Doe is an imposter and, therefore, precluded from obtaining any benefits under the policy at issue.

40.     Enforcement of the policy at issue would involve the violation of a Penal Law.

PARDMS 84725v.1

41.    Enforcement of the policy at issue would require payment of disability benefits to an individual that is falsely assuming the identity of another individual for the purposes of obtaining a benefit for himself or to defraud another.

42.    Public policy and the law preclude the enforcement of a contract, where such enforcement would involve the violation of a Penal Law.

43.    Based on the foregoing, defendant may not enforce the performance of the contract against Paul Revere.

**WHEREFORE**, Paul Revere seeks a judgment in its favor and against John Doe as follows:

A.    declaring that John Doe cannot enforce the policy as to Paul Revere;

B.    awarding Paul Revere restitution of disability benefits paid to John Doe under the policy;

C.    declaring that no valid contract was entered into between the parties and that Policy Number 0102475465 is deemed void ab initio and of no effect and directing that it be surrendered for cancellation;

D.    declaring whether Paul Revere has any obligation to refund any premiums paid with respect to Policy Number 0102475465 and, if so, to whom such premiums should be refunded;

E.    awarding Paul Revere costs, expenses, disbursements and attorney's fees; and

F.    such other and further relief as this Court deems just and proper.

## THIRD COUNT

### (Unjust Enrichment)

44.    Plaintiff, Paul Revere, repeats and realleges each and every allegation contained in Paragraphs 1 through 43 of the Complaint against defendant, John Doe a/k/a Rodolfo Chardon, as if same were fully set forth at length herein.

45.    John Doe was not and is not legally entitled to the $137,945.00 in benefits paid to him by Paul Revere.

46.     All such benefits and amounts represent an overpayment, and defendant has been unjustly enriched to the extent of benefits in the amount he received from Paul Revere, together with interest thereon.

47.     Paul Revere is entitled to restitution from defendant of said benefits paid to him by Paul Revere.

48.     No part of said sums have been paid and Paul Revere seeks restitution from John Doe to the benefits paid to him in the amount of $137,945.00 together with interest thereon.

**WHEREFORE,** Paul Revere seeks a judgment in its favor and against John Doe as follows:

A.     a finding that Paul Revere is entitled to restitution and recovery of all disability benefits erroneously paid to defendant, John Doe, under Policy Number 0102475465 together with interest thereon, a provided by law;

B.     declaring that no valid contract was entered into between the parties and that Policy Number 0102475465 is deemed void ab initio and of no effect and directing that it be surrendered for cancellation;

C.     declaring whether Paul Revere has any obligation to refund any premiums paid with respect to Policy Number 0102475465 and, if so, to whom such premiums should be refunded;

D.     awarding Paul Revere costs, expenses, disbursements and attorney's fees; and

E.     such other and further relief as this Court deems just and proper.

## FOURTH COUNT

### (Violation of New Jersey Insurance Fraud Prevention Act)

49.     Plaintiff, Paul Revere, repeats and realleges each and every allegation contained in Paragraphs 1 through 48 of the Complaint against defendant, John Doe a/k/a Rodolfo Chardon, as if same were fully set forth at length herein.

50.     Paul Revere brings this Count pursuant to the New Jersey Fraud Prevention Act, *N.J.S.A.* 17:33A-1 et seq. (the "Act").

-8-

51.     Paul Revere is, and was, an "insurance company" within the meaning of *N.J.S.A.* 17:33A-3.

52.     Defendant, John Doe, is a "person" within the meaning of *N.J.S.A.* 17:33A-3.

53.     Pursuant to *N.J.S.A.* 17:33A-4(a)(1), a person violates the Act if he "presents or causes to be presented any written or oral statement as part of, or in support of, or in opposition to a claim for payment or other benefit pursuant to an insurance policy . . . knowing that the statement contains any false or misleading information concerning any fact or thing material to the claim . . ."

54.     Pursuant to *N.J.S.A.* 17:33A-4(a)(2), a person violates the Act if he "prepares or makes any written or oral statement that is intended to be presented to an insurance company . . . in connection with, or in support of or opposition to any claim for payment or other benefit pursuant to an insurance policy . . . knowing that the statement contains any false or misleading information concerning any fact or thing material to the claim . . ."

55.     Pursuant to *N.J.S.A.* 17:33A-4(a)(3), a person violates the Act if he "conceals or knowingly fails to disclose the occurrence of an event which effects any person's initial or continuing right or entitlement to (a) any insurance benefit or (b) the amount of any benefit or payment to which the person is entitled . . ."

56.     Pursuant to *N.J.S.A.* 17:33A-4(a)(4)(b), a person violates the Act if he "prepares or makes any written or oral statement, intended to be presented to any insurance company or producer for the purpose of obtaining:  an insurance policy, knowing that the statement contains any false or misleading information concerning any fact or thing material to an insurance application or contract."

57.    Pursuant to *N.J.S.A.* 17:33A-4(a)(5), a person violates the Act if he "conceals or knowingly fails to disclose any evidence, written or oral, which may be relevant to a finding that a violation of the provisions of paragraph (4) of this subsection (a) has or has not occurred."

58.    Pursuant to *N.J.S.A.* 17:33A-7(a), "any insurance company damaged as a result of the violation of any provision of this Act may sue thereof in any Court of competent jurisdiction to recovery compensatory damages which shall include reasonable investigation expenses, cost of suit, and attorney's fees."

59.    Pursuant to *N.J.S.A.* 17:33A-7(b), "a successful claimant under Subsection A shall recover treble damages if the  Court determines that the defendant has engaged in a pattern of violating this Act."

60.    John Doe fraudulently misrepresented himself as Rodolfo Chardon when he applied for and obtain Policy Number 0102475465.

61.    John Doe continued to fraudulently represent himself as Rodolfo Chardon throughout the claim process and in his Monthly Progress Reports submitted during the claim process.

62.    The fraudulent misrepresentations of John Doe to Paul Revere, as described in this Complaint, constitute violations of the New Jersey Insurance Fraud Prevention Act, *N.J.S.A.* 17:33A-1, et seq.

63.    As a consequence of the practices and facts described in this Complaint, together with other practices which Paul Revere believes may be disclosed by continued investigation and discovery, John Doe has engaged in a pattern of violating this Act.

64.    As a result of John doe's violation of the New Jersey Insurance Fraud Prevention Act, *N.J.S.A.* 17:33(a)-1, et seq., Paul Revere has been damaged.

**WHEREFORE**, Paul Revere seeks a judgment in its favor and against John Doe as follows:

A.   compensatory damages prescribed by *N.J.S.A.* 17:33A-1, et seq.;

B.   attorney's fees as prescribed by *N.J.S.A.* 17:33A-1, et seq.;

C.   treble damages as prescribed by *N.J.S.A.* 17:33A-1, et seq.;

D.   awarding Paul Revere costs, expenses, disbursements and attorney's fees; and

E.   such other and further relief as this Court deems just and proper.

## FIFTH COUNT

### (Common Law Fraud)

65.   Plaintiff, Paul Revere, repeats and realleges each and every allegation contained in Paragraphs 1 through 64 of the Complaint against defendant, John Doe a/k/a Rodolfo Chardon, as if same were fully set forth at length herein.

66.   Defendant materially misrepresented his identity when applying for and obtaining Policy Number 0102475465.

67.   The defendant knew that he was misrepresenting his identity at the time he applied for and obtained Policy Number 0102475465.

68.   Defendant made the aforementioned material representations with respect to his identity with the intention that the plaintiff rely upon such misrepresentations.

69.   The plaintiff reasonably relied upon the aforementioned misrepresentations with respect to John Doe's identity and sustained damages as a result of such misrepresentation.

**WHEREFORE**, Paul Revere seeks a judgment in its favor and against John Doe as follows:

A.   a finding that Paul Revere is entitled to restitution and recovery of all disability benefits erroneously paid to defendant, John Doe, under Policy Number 0102475465 together with interest thereon, a provided by law;

-11-

B. declaring that no valid contract was entered into between the parties and that Policy Number 0102475465 is deemed void ab initio and of no effect and directing that it be surrendered for cancellation;

C. declaring whether Paul Revere has any obligation to refund any premiums paid with respect to Policy Number 0102475465 and, if so, to whom such premiums should be refunded;

D. awarding Paul Revere costs, expenses, disbursements and attorney's fees; and

E. such other and further relief as this Court deems just and proper.

## SIXTH COUNT

### (Rescission)

70. Plaintiff, Paul Revere, repeats and realleges each and every allegation contained in Paragraphs 1 through 69 of the Complaint against defendant, John Doe a/k/a Rodolfo Chardon, as if same were fully set forth at length herein.

71. The Application executed and submitted by John Doe to Paul Revere contained material misrepresentations of fact.

72. John Doe's failure to accurately disclose his true identity, along with other facts and information that may be developed during continued investigation and discovery, constitute material misrepresentations fact.

73. John Doe continued to misrepresent his true identity throughout the claim process.

74. The misrepresentations of fact by John Doe on the Application and during the claim process constitute fraud and materially effected the acceptance of the risk assumed by Paul Revere in issuing Policy Number 0102475465.

75. The material misrepresentations made by John Doe on the Application and during the claim process were false and he knew that they were false and he intended to deceive Paul Revere into issuing the disability policy.

PARDMS 84725v.1

76.     The material misrepresentations that were made by John Doe in the Application process and during the claim were made with the intent that Paul Revere would rely on them to issue the disability policy.

77.     Paul Revere did rely on such misrepresentations and its reliance was reasonable.

78.     Paul Revere was damaged by providing a disability policy and disability benefits it did not owe to John Doe.

79.     The fraudulent misstatements and misrepresentations by John Doe entitle Paul Revere to rescission of Policy Number 0102475465.

**WHEREFORE**, Paul Revere seeks a judgment in its favor and against John Doe as follows:

A.     rescission of Disability Income Policy Number 0102475465 and declaring it to be void of no effect and directing that it be surrendered for cancellation;

B.     awarding Paul Revere restitution of disability benefits paid to John Doe under the policy;

C.     declaring whether Paul Revere has any obligation to refund any premiums paid with respect to Policy Number 0102475465 and, if so, to whom such premiums should be refunded;

D.     awarding Paul Revere costs, expenses, disbursements and attorney's fees; and

E.     such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, plaintiff, The Paul Revere Life Insurance Company, hereby demands a trial by jury as to all issues so triable.

DATED: 5-11-07                              Respectfully submitted,

                                           BY: _____
                                                 ROBERT T. PINDULIC, ESQ.
                                                 White and Williams LLP
                                                 The Atrium
                                                 East 80 Route 4
                                                 Paramus, New Jersey  07675
                                                 Phone No.:  (201) 368-7200

PARDMS 84725v.1